FILED

'13 JUN -6 AM 8:22

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL ALBERT HOPKINS, CDCR #V-97737,<br><br>                                    Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO; K. SEIBEL; R. OLSON; ANIL KAUSHAI,<br><br>                                    Defendants. | Civil No.    13cv1019 WQH (MDD)<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT;**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b); and**<br><br>**(3) GRANTING MOTION TO AMEND COMPLAINT**<br><br>**[ECF Nos. 4, 6]** |

Randell Albert Hopkins ("Plaintiff"), a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.  In addition, Plaintiff

1  has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF

2  No. 4], along with a Motion to File an Amended Complaint [ECF No. 6].

### I.

### MOTION TO PROCEED IFP [ECF No. 4]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous,

1   malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief

2   from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

3   *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213

4   F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

5         Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only

6   frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.   However 28 U.S.C.

7   §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule

8   on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal

9   pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires

10   a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v.*

11   *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).   The district court should grant leave to

12   amend, however, unless it determines that "the pleading could not possibly be cured by the

13   allegation of other facts" and if it appears "at all possible that the plaintiff can correct the

14   defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

15   1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

16         "[W]hen determining whether a complaint states a claim, a court must accept as true all

17   allegations of material fact and must construe those facts in the light most favorable to the

18   plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

19   "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").   However, while liberal

20   construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,

21   1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that

22   were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268

23   (9th Cir. 1982).

24         As currently pleaded, the Court finds that Plaintiff's Complaint fails to state a cognizable

25   claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a

26   claimant:  (1) that a person acting under color of state law committed the conduct at issue, and

27   (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

28   Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S.

1  527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986);

2  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

3  **A.    Heck Bar**

4  While not entirely clear, it appears that Plaintiff is attempting to challenge a disciplinary

5  hearing which he claims resulted in the denial of "the opportunity and possibility to be released

6  from prison." (ECF No. 1 at 4.) In his claims for relief Plaintiff seeks an injunction preventing

7  defendants from "delaying or denying petitioners release from prison and/or reduce petititoner's

8  custody level and confinement." (*Id.* at 7.) However, these claims amount to an attack on the

9  constitutional validity of Plaintiff's criminal sentence, and as such, may not be maintained

10  pursuant to 42 U.S.C. § 1983 unless and until he can show that his criminal sentence has already

11  been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

12  "In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to

13  remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en

14  banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge

15  the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The

16  prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78

17  (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent

18  prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target

19  of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that

20  action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*,

21  544 U.S. at 82.

22  In this case, Plaintiff's claims "necessarily imply the invalidity" of his criminal conviction

23  and sentence. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the

24  Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles

25  for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. This

26  is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable

27  termination" rule, Plaintiff must first allege facts which show that the conviction which forms

28  the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged

1   by executive order; (3) declared invalid by a state tribunal authorized to make such a
2   determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S.
3   at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

4           Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. Accordingly, because
5   Plaintiff seeks to hold the Defendant liable for allegedly unconstitutional disciplinary hearings,
6   and because he has not shown that his conviction or reduction in good time credits has been
7   invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a
8   section 1983 claim cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must
9   be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.
10  1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed
11  without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in
12  invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251,
13  255 (9th Cir. 1997).

14          **B.      Fourteenth Amendment claim**

15          Again, Plaintiff's allegations are far from clear but it appears that he is challenging a
16  disciplinary hearing at which he lost his opportunity to maintain a job while in prison. To the
17  extent that these claims may or may not be barred by *Heck*, the Court finds that Plaintiff has
18  failed to state a claim.

19          "The requirements of procedural due process apply only to the deprivation of interests
20  encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of*
21  *Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant
22  prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427
23  U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances
24  in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995),
25  a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth
26  Amendment only if he alleges a change in confinement that imposes an "atypical and significant
27  hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted);
28  *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

1    The Ninth Circuit has consistently held that "the Due Process Clause of the Fourteenth
2    Amendment 'does not create a property or liberty interest in prison employment.'" *Walker v.*
3    *Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th
4    Cir. 1986), and citing *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir.
5    1985)); *see also Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *Toussaint v. McCarthy*,
6    801 F.2d 1080, 1094-95 (9th Cir. 1986); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985);
7    *see also Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir. 1986) ("There is no constitutional right
8    to prison wages and any such compensation is by the grace of the state.")  Plaintiff is unable to
9    demonstrate either a liberty or property interest in his prison employment arising directly under
10   the Fourteenth Amendment.

11   For these reasons, the Court finds that Plaintiff's Complaint fails to state a constitutional
12   claim upon which § 1983 relief can be granted, and thus, this action must be dismissed pursuant
13   to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213
14   F.3d at 446.

15                                          **III.**

16                            **CONCLUSION AND ORDER**

17   Good cause appearing, **IT IS HEREBY ORDERED**:

18   1.   Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 4] is
19   **GRANTED**.

20   2.   The Secretary of California Department of Corrections and Rehabilitation, or his
21   designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee
22   owed in this case by collecting monthly payments from the account in an amount equal to twenty
23   percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
24   each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
25   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
26   ASSIGNED TO THIS ACTION.

27

28

3.     The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  However, Plaintiff's Motion to File an Amended Complaint [ECF No. 6] is **GRANTED** and Plaintiff has thirty (30) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.     The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

DATED: _____6/5/13_____          _____

HON. WILLIAM Q. HAYES
United States District Judge