

FILED
13 AUG 13 AM 9:28
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RANDELL ALBERT HOPKINS, CDCR #V-97737, | Case No. 13cv1019 WQH (MDD) |
|---|---|
| Plaintiff, vs. | **ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND** |
| DANIEL PARAMO, et al., | **[ECF Doc. No. 15]** |
| Defendants. | |

**I.   PROCEDURAL HISTORY**

Randell Albert Hopkins ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil rights action, which he initiated pursuant to 42 U.S.C. § 1983. At the time he filed his Complaint, Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF Doc. No. 4].

On June 6, 2013, the Court granted Plaintiff leave to proceed IFP, but dismissed his Complaint failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* June 6, 2013 Order [ECF Doc. No. 10]. Plaintiff was granted 45 days leave to amend. *Id.* at 7; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should

grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

Since then, Plaintiff has attempted to file various documents, most of which include reference to "1819 Constructive Notice" in their captions, and most of which have been rejected for failing to comply with both the Federal Rules of Civil Procedure as well as a host of the Court's own Local Rules. *See, e.g.*, ECF Doc. Nos. 5, 12, 13; *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (noting that although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."). Every time Plaintiff attempted to submit these documents, the Court provided him with directions to re-open his case by first complying with its June 6, 2013 Order requiring amendment.

On August 1, 2013, Plaintiff again submitted a document entitled "Request to Amend Records (per) 1819 Constructive Notice to Address with an Expedited Reply to My Issues of Grave Concerns," this time including what appear to be exhibits in support of his intended claims, and a request for an "extension of time to meet Order," which the Court now construes as a Motion for Extension of Time in which to submit his Amended Complaint [ECF Doc. No. 15].[1]

## II. STANDARD OF REVIEW

This is Plaintiff's first request for an extension of time, he remains incarcerated, and is still proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

---

[1] The Court cautions Plaintiff that while it has, and will continue to construe his pleadings with liberality in light of his pro se status, most of his attempted submissions make little sense, are comprised of a serious of questions and statements which appear completely unrelated to the issues raised in his original pleading, and none of which come anywhere close to addressing the deficiencies of pleading identified by the Court in its June 6, 2013 Order. Therefore, Plaintiff is reminded that his original Complaint was dismissed because his allegations appeared to "necessarily imply the invalidity" of his conviction or sentence under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and because he failed to show a liberty or property interest in prison employment sufficient to invoke the Due Process Clause. *See* June 6, 2013 Order at 4-6. His Amended Complaint must include "plausible ... factual content" which fixes these pleading problems; otherwise it too will be dismissed for failing to state a claim per 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and any further attempts to amend may be refused as futile. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citation omitted) ; *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1258 (9th Cir. 2007) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend)).

Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ... technical procedural requirements."). Thus, without more, the Court finds good cause to grant Plaintiff additional time in which to comply with the Court's June 6, 2013 Order. "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

### III. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that:

1) Plaintiff's Motion for an Extension of Time to Amend [ECF Doc. No. 15] is GRANTED. Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court no later than **Monday, September 16, 2013**. Plaintiff is cautioned, however, that his Amended Complaint must address all the deficiencies of pleading previously identified in the Court's June 6, 2013 Order [ECF Doc. No. 10], and must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King*, 814 F.2d at 567 (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

2) If Plaintiff elects *not* to file an Amended Complaint by September 16, 2013, this case shall remain dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for all the reasons set forth in the Court's June 6, 2013 Order, and without any further Order by the Court.

DATED: 8/12/13

HON. WILLIAM Q. HAYES
United States District Judge